Filed 3/18/22  P. v. Rainey CA4/2
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E072758 |
| v. | (Super.Ct.No. FSB1103711) |
| TYRELL JAMES RAINEY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Annemarie G. Pace, Judge.  Reversed and remanded with directions.

Anthony J. Dain, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Randall D. Einhorn, and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

## INTRODUCTION

In 2012, defendant and appellant Tyrell James Rainey was convicted of first degree attempted murder (Pen. Code,[1] §§ 664/187, subd. (a)) as an aider and abettor based on the natural and probable consequences theory. About seven years later, in 2019, defendant filed a petition for resentencing pursuant to section 1170.95. The trial court summarily denied the petition finding section 1170.95 did not apply to attempted murder, which was the correct result at the time. In a prior nonpublished opinion, *People v. Rainey* (Apr. 28, 2020, E072758), we affirmed the trial court's order. The Legislature, however, since has passed and the Governor has signed Senate Bill No. 775 (2020-2021 Reg. Sess.), which makes clear that persons convicted of attempted murder could be eligible for resentencing relief. (Stats. 2021, ch. 551, § 1.)

Following the issuance of our prior opinion upholding the trial court's order, defendant filed a petition for review in the California Supreme Court (S262396). The Supreme Court granted review and on February 16, 2022, transferred the matter to us with directions to vacate our prior decision and reconsider the cause in light of Senate Bill No. 775. We vacated our decision on February 18, 2022, and allowed the parties to file supplemental briefs.

In supplemental briefing, defendant contends, and the People correctly concede, he is eligible for resentencing under section 1170.95, as amended by Senate Bill No. 775,

---

[1] All future statutory references are to the Penal Code.

and thus this matter should be remanded for the superior court to reconsider his petition. We agree with the parties. Because section 1170.95, as amended by Senate Bill No. 775, will provide resentencing relief for individuals charged with attempted murder under certain circumstances, we will reverse the trial court's order and remand the matter for the court to reconsider defendant's petition.

II

DISCUSSION[2]

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill also added section 1170.95 to provide a procedure for those convicted of a qualifying offense to seek vacatur of their conviction and resentencing on any remaining counts. (See former § 1170.95, subd. (a).)

Before the enactment of Senate Bill No. 775, the California Courts of Appeal were uniform in concluding that resentencing relief under section 1170.95 was limited to murder convictions and did not extend to persons convicted of manslaughter or attempted murder. (See, e.g., *People v. Sanchez* (2020) 48 Cal.App.5th 914, 919; *People v. Turner* (2020) 45 Cal.App.5th 428, 435-436; *People v. Paige* (2020) 51 Cal.App.5th 194, 201-

---

[2] The factual and procedural background is not relevant to this appeal, and we will not recount those details.

204.) Since then, however, the Legislature enacted Senate Bill No. 775, which took effect on January 1, 2022. This bill amends section 1170.95 in various ways, and the most significant for our purposes is an amendment that expressly permits defendants convicted of attempted murder to seek relief. (Stats. 2021, ch. 551, § 2; see Stats. 2021, ch. 551, § 1, subd. (a) ["[T]his legislation . . . ¶ . . . [c]larifies that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories"].) Because defendant's appeal from the order denying his resentencing petition was pending when the amendments to section 1170.95 became effective, the amendments apply to him. (*People v. Vieira* (2005) 35 Cal.4th 264, 305.)

Defendant contends and the People agree that the trial court's summary denial of the resentencing petition must be reversed and the matter remanded. Having reviewed the record on appeal, we also agree. On remand, the trial court must determine whether defendant has stated a prima facie case for relief under section 1170.95 as to his attempted murder conviction. (§ 1170.95, subd. (c).) If the court finds a prima facie case is stated, it shall issue an order to show cause and hold a hearing "to determine whether to vacate the . . . attempted murder . . . conviction and to recall the sentence and resentence the [defendant] on any remaining counts in the same manner as if [he] had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95 subd. (d)(1).)

4

III

DISPOSITION

The order denying defendant's petition for resentencing under section 1170.95 is reversed, and the matter is remanded to the superior court. Upon remand, the superior court shall conduct further proceedings consistent with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


RAMIREZ
P. J.


FIELDS
J.